IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.                              Criminal Action No. 2:21CR36-1

WENDELL BEVERLY,

        Defendant.


**MEMORANDUM OPINION AND ORDER DEFERRING DEFENDANT'S MOTION TO
DISMISS COUNT THREE AND MOTION TO EXCLUDE EVIDENCE [ECF NO. 186]**

Pending is the motion of the defendant, Wendell Beverly ("Beverly"), asking the Court to dismiss Count Three of the Indictment and limit evidence related to his use of controlled substances [ECF No. 186].  The Government opposes Beverly's motion in its entirety [ECF No. 197].  For the reasons that follow, the Court **DEFERS** its ruling on Beverly's motion until trial.

**I.   Motion to Dismiss**

Count Three of the Indictment accuses Beverly of violating 18 U.S.C. § 922(g)(3) by possessing a firearm as someone who is an unlawful user or addicted to methamphetamine [ECF No. 1].  Beverly moves to dismiss this charge, arguing that § 922(g)(3) is unconstitutionally vague on its face and as applied in this case [ECF No. 186].

Section 922(g)(3) of Title 18 of the United States Code provides that: "[i]t shall be unlawful for any person . . . who is

**MEMORANDUM OPINION AND ORDER DEFERRING DEFENDANT'S MOTION TO DISMISS COUNT THREE AND MOTION TO EXCLUDE EVIDENCE [ECF NO. 186]**

an unlawful user of or addicted to any controlled substance . . . to . . . possess in or affecting commerce, any firearm or ammunition."  Here, the Government must prove beyond a reasonable doubt that Beverly (1) was an unlawful user of, or addicted to methamphetamine; (2) knew he was an unlawful user of or addicted to methamphetamine; (3) knowingly possessed a firearm; and (4) the firearm had traveled in interstate commerce at some point during its existence.  More particularly, "[t]o sustain a conviction under § 922(g)(3), the [G]overnment must prove that [Beverly's] drug use was sufficiently consistent, prolonged, and close in time to his gun possession to put him on notice that he qualified as an unlawful user under the terms of the statute." United States v. Hasson, 26 F.4th 610, 615 (4th Cir. 2022) (citation omitted).

The vagueness doctrine requires that a criminal statute "'provide a person of ordinary intelligence fair notice of what is prohibited' and not be 'so standardless that it authorizes or encourages seriously discriminatory enforcement.'" United States v. Hasson, 26 F.4th 610, 619 (4th Cir. 2022) (quoting United States v. Williams, 553 U.S. 285, 304 (2008).  Generally, however, a defendant whose conduct is clearly prohibited by a statute cannot be the one to make a facial vagueness challenge.  Id. at 620-21.  "In other words, when a criminal defendant brings a facial challenge, he must show that the statute is vague as applied to

2

USA v. BEVERLY                                                    2:21CR36–1

**MEMORANDUM OPINION AND ORDER DEFERRING DEFENDANT'S MOTION TO DISMISS COUNT THREE AND MOTION TO EXCLUDE EVIDENCE [ECF NO. 186]**

his conduct." United States v. Wagoner, No. 4:20-CR-00018, 2022 WL 1153472, at *4 (W.D. Va. Apr. 19, 2022).

Based on this precedent, the Court must determine whether § 922(g)(3) is vague as applied to Beverly before it may examine the facial validity of the statute. But the Court cannot address Beverly's as-applied challenge without hearing the Government's evidence against Beverly at trial. For this reason, the Court **DEFERS** its ruling on Beverly's motion to dismiss Count Three until the close of the Government's case-in-chief.

## II.  Motion in Limine

Beverly also seeks to limit the Government's evidence regarding his use of controlled substances to a "time period contemporaneous with the dates alleged in the indictment" [Dkt. No. 186]. The Government intends to prove that Beverly's controlled substance use, or addiction, was sufficiently consistent, prolonged, and close in time to his firearm possession through testimony about his controlled substance use in January 2019 as well as his years-long addiction. Because it cannot properly address Beverly's motion until it hears this evidence at trial, the Court **DEFERS** its ruling on his motion in limine.

USA v. BEVERLY                                                    2:21CR36-1

**MEMORANDUM OPINION AND ORDER DEFERRING DEFENDANT'S MOTION TO
DISMISS COUNT THREE AND MOTION TO EXCLUDE EVIDENCE [ECF NO. 186]**

### III. Conclusion

For the foregoing reasons, the Court:

(1)   **DEFERS** its ruling on Beverly's motion to dismiss Count
Three until after the close of the Government's case-
in-chief; and

(2)   **DEFERS** its ruling on Beverly's motion to limit the
Government's evidence of his substance abuse.

The Clerk is directed to forward a copy of this Order to all
counsel of record by electronic means.

Entered:  February 3, 2023

_Tom 8 Kleeh_
_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA