```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

v.                             Criminal Action No. 2:21CR36-1

**WENDELL BEVERLY,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT THREE AND MOTION TO EXCLUDE EVIDENCE [ECF NO. 186]**

The Court previously deferred its ruling on the motion of the defendant, Wendell Beverly ("Beverly"), to dismiss Count Three of the Indictment and limit evidence related to his use of controlled substances [ECF No. 186]. Following the close of the Government's case in chief and for the reasons that follow, the Court **DENIES** the motion.

### I.   Motion to Dismiss

Count Three of the Indictment accuses Beverly of violating 18 U.S.C. § 922(g)(3) by possessing a firearm as someone who is an unlawful user, or addicted to, methamphetamine [ECF No. 1]. Beverly moves to dismiss this charge, arguing that § 922(g)(3) is unconstitutionally vague on its face and as applied in this case [ECF No. 186].

Case 2:21-cr-00036-TSK-MJA Document 214 Filed 02/08/23 Page 2 of 5 PageID #: 1272

**USA v. BEVERLY** 2:21CR36-1

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT THREE AND MOTION TO EXCLUDE EVIDENCE [ECF NO. 186]**

### A. Relevant Law

Section 922(g)(3) of Title 18 of the United States Code provides that: "[i]t shall be unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance . . . to . . . possess in or affecting commerce, any firearm or ammunition." Here, the Government must prove beyond a reasonable doubt that Beverly (1) was an unlawful user of, or addicted to methamphetamine; (2) knew he was an unlawful user of or addicted to methamphetamine; (3) knowingly possessed a firearm; and (4) the firearm had traveled in interstate commerce at some point during its existence. More particularly, "[t]o sustain a conviction under § 922(g)(3), the [G]overnment must prove that [Beverly's] drug use was sufficiently consistent, prolonged, and close in time to his gun possession to put him on notice that he qualified as an unlawful user under the terms of the statute." United States v. Hasson, 26 F.4th 610, 615 (4th Cir. 2022) (citation omitted).

The vagueness doctrine requires that a criminal statute "'provide a person of ordinary intelligence fair notice of what is prohibited' and not be 'so standardless that it authorizes or encourages seriously discriminatory enforcement.'" United States v. Hasson, 26 F.4th 610, 619 (4th Cir. 2022) (quoting United States v. Williams, 553 U.S. 285, 304 (2008). Generally, however, a defendant whose conduct is clearly prohibited by a statute cannot

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT THREE AND MOTION TO EXCLUDE EVIDENCE [ECF NO. 186]**

be the one to make a facial vagueness challenge. Id. at 620-21. "In other words, when a criminal defendant brings a facial challenge, he must show that the statute is vague as applied to his conduct." United States v. Wagoner, No. 4:20-CR-00018, 2022 WL 1153472, at *4 (W.D. Va. Apr. 19, 2022).

    B.    **Beverly's As Applied Challenge**

Here, § 922(g)(3) is not vague as applied to the evidence and testimony established at trial. To prove that Beverly's methamphetamine use was sufficiently consistent, prolonged, and close in time to his gun possession, the Government introduced the testimony of Beverly's co-defendant, Christopher Mayle ("Mayle"), as well as Kayla Jenkins ("Jenkins") and Ashley Simmons ("Simmons").

Mayle testified that he and Beverly smoked methamphetamine together on approximately eight to ten occasions in and around January 2019 and that they used between 1 to 2 grams each. Mayle also testified that he and Beverly used methamphetamine together on January 29, 2019, and January 31, 2019. On these dates, Beverly then purchased firearms from Mayle's sister and resold them to the confidential informant.

Simmons testified that she had known Beverly since 2010 and knew him to be a user of methamphetamine. She further stated that they had consistently used methamphetamine together between late

Case 2:21-cr-00036-TSK-MJA Document 214 Filed 02/08/23 Page 4 of 5 PageID #: 1274

USA v. BEVERLY                                                                2:21CR36-1

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT THREE AND MOTION TO EXCLUDE EVIDENCE [ECF NO. 186]**

2018 and April 2019. She estimated that they smoked methamphetamine together approximately three to four times a week, using between 1 to 3.5 grams on each occasion.

Kayla Jenkins likewise testified that she and Beverly had used methamphetamine together on several occasions. Although she had difficulty identifying any specific dates for their use, she believed it had occurred in late 2020.

The Government also introduced statements that Beverly had made on his Facebook page in August 2018 that referenced his prolonged drug use. Further, it introduced a video recording of the confidential informant's purchase of a firearm from Beverly and Mayle on January 30, 2019, during which Beverly made comments about travelling to Canton, Ohio to purchase methamphetamine.

Based on this evidence, there was sufficient evidence for the jury to find Beverly guilty of violating § 922(g)(3). Because an ordinary person would understand that Beverly's persistent use of methamphetamine around the dates alleged in the Indictment and his use within hours of possessing firearms established him as an unlawful user in violation of § 922(g)(3), the statute is not unconstitutionally vague as applied to him.

### C. Beverly's Facial Challenge

The Court's finding on Beverly's as applied challenge precludes his facial challenge to § 922(g)(3). "A plaintiff who

Case 2:21-cr-00036-TSK-MJA Document 214 Filed 02/08/23 Page 5 of 5 PageID #: 1275

USA v. BEVERLY 2:21CR36-1

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT THREE AND MOTION TO EXCLUDE EVIDENCE [ECF NO. 186]**

engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." Holder v. Humanitarian L. Project, 561 U.S. 1, 18-19 (2010); Hasson, 26 F.4th at 619. Because his conduct falls squarely within the confines of the statute, he cannot argue that the statute is facially vague. See Hasson, 26 F.4th at 619; Wagoner, 2022 WL 1153472, at *4.

## II. Motion in Limine

Beverly also seeks to limit the Government's evidence regarding his use of controlled substances to a "time period contemporaneous with the dates alleged in the indictment" [Dkt. No. 186]. For the reasons stated on the record, the Court **DENIES** his request.

## III. Conclusion

For the foregoing reasons, the Court **DENIES** Beverly's motion to dismiss and motion in limine.

The Clerk shall transmit a copy of this Order to all counsel of record by electronic means.

Entered: February 8, 2023

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA