IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

  v.                             CRIMINAL NO. 2:21CR36
                                   (KLEEH)

WENDELL BEVERLY,

      Defendant.

## MEMORANDUM OPINION AND ORDER DENYING POST-TRIAL MOTIONS

Pursuant to Rules 33(a) and 29 of the Federal Rules of Criminal Procedure, the Defendant by counsel has moved for a new trial and a judgment of acquittal [ECF No. 253]. The Defendant also filed various pro se motions [ECF Nos. 235, 236, 241, 242, 245, 247, 248, 249, 254, 255, 264]. The Government responded in opposition [ECF No. 273]. The Court heard argument on these motions on July 10, 2023. For the reasons discussed herein, the Defendant's post-trial motions are **DENIED**.

### I.    BACKGROUND

Following a three-day jury trial, the defendant, Wendell Beverly ("Beverly"), was found guilty of unlawfully possessing a firearm as a user of methamphetamine, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (Count 3). On February 8, 2023, prior to the jury's beginning its deliberations and at the close of the Government's case-in-chief, Beverly moved for judgment of

USA V. BEVERLY                                                    2:21CR36

MEMORANDUM OPINION AND ORDER DENYING POST-TRIAL MOTIONS

acquittal pursuant to Federal Rule of Criminal Procedure 29.   He
filed the pending post-trial motions on April 12, 2023, and the
Government filed its response on June 2, 2023.

## II.   APPLICABLE LAW

Rule 33(a) of the Federal Rules of Criminal Procedure permits
the Court to vacate a criminal conviction and "grant a new trial
if the interest of justice so requires."   However, "a trial court
should exercise its discretion to award a new trial sparingly, and
a jury verdict is not to be overturned except in the rare
circumstance when the evidence weighs heavily against it."   United
States v. Smith, 451 F.3d 209, 217 (4th Cir. 2006) (citation and
quotation marks omitted).

Rule 29 of the Federal Rules of Criminal Procedure provides
that "[a]fter the government closes its evidence or after the close
of all the evidence, the court on the defendant's motion must enter
a judgment of acquittal of any offense for which the evidence is
insufficient to sustain a conviction."   A defendant who challenges
the sufficiency of the evidence under Rule 29 faces an "imposing
burden."   United States v. Martin, 523 F.3d 281, 288 (4th Cir.
2008) (citing United States v. Beidler, 110 F.3d 1064, 1067 (4th
Cir. 1997)).   He must establish that "the record demonstrates a
lack of evidence from which a jury could find guilt beyond a
reasonable doubt."   Id. at 277-78 (citing United States v. Burgos,

2

MEMORANDUM OPINION AND ORDER DENYING POST-TRIAL MOTIONS

94 F.3d 849, 862 (4th Cir. 1996) (en banc)).  When reviewing the sufficiency of the evidence supporting a criminal conviction, courts are "limited to considering whether there is substantial evidence, taking the view most favorable to the Government, to support it."  Beidler, 110 F.3d at 1067 (citation and quotation marks omitted).

The Court must uphold the jury's verdict if, when viewed in the light most favorable to the government, there is sufficient evidence from which "any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt."  United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).  It is the jury, and not the court, who "weighs the credibility of the evidence and resolves any conflicts in the evidence presented."  Beidler, 110 F.3d at 1067 (citation omitted).  Reversal of a jury's verdict of guilty is reserved for cases "where the prosecution's failure is clear."  Burks v. United States, 437 U.S. 1, 17 (1978).

### III. **DISCUSSION**

Beverly argues that the Court committed a number of errors in its rulings before and during trial.  The Court will address each in turn.

**1.    The Court did not err in denying Beverly's motion to dismiss Count 3 as a violative of the Second Amendment.**

Beverly contends that the Court erred in denying his motion to dismiss Count 3 of the indictment as violative of the Second

MEMORANDUM OPINION AND ORDER DENYING POST-TRIAL MOTIONS

Amendment.  In his motion, he raised no new argument and maintained that 21 U.S.C. § 922(g)(3) violates the Second Amendment, pursuant to the holding in New York State Rifle & Pistol Association, Inc. v. Bruen, 142 S. Ct. 2111 (2022).  The Government reasserted its prior argument that regulating firearm possession of unlawful drug users is consistent with the Nation's history and tradition and so, does not violate Beverly's Second Amendment rights.

As discussed in the Court's prior Memorandum Opinion and Order denying Beverly's motion to dismiss [ECF No. 155], the Court agrees with the Government.  The Bruen decision analyzed the constitutionality of New York's concealed carry permitting requirements and, more generally, the scope of the right to carry a firearm in public.  It did not discuss the constitutionality of 18 U.S.C. § 922(g)(3), and that statue's constitutionality is not otherwise altered by the Bruen decision.

At oral argument, Beverly also cited Range v. Attorney General of the United States of America, 69 F.4th 96 (3d Cir. 2023), in support of his argument.  There, the Third Circuit Court of Appeals found that 18 U.S.C. § 922(g)(1), prohibiting convicted felons from possessing firearms, violated the defendant's right to keep and bear arms.  69 F.4th at 96.  Even so, the Court is not persuaded that it erred in denying Beverly's motion to dismiss.  Range addressed § 922(g)(1), not Beverly's statute of conviction,

MEMORANDUM OPINION AND ORDER DENYING POST-TRIAL MOTIONS

§ 922(g)(3).   More importantly, <u>Range</u> is not binding on this Court.  Although the Fourth Circuit has not yet had an opportunity to address the constitutionality of § 922(g)(3) post-<u>Bruen</u>, it has previously declined to find the statute unconstitutional on its face and recognized that the Second Amendment has always been a right afforded only to law-abiding citizens.  <u>See</u> <u>United States v. Carter</u>, 669 F.3d 411, 415 (4th Cir. 2012) ("The weight of the right to keep and bear arms depends not only on the purpose for which it is exercised but also on relevant characteristics of the person invoking the right.").

For these reasons, the Court concludes that it did not err in denying Beverly's motion to dismiss.

**2.   The Court did not err in denying Beverly's motion to dismiss Count 3 as unconstitutionally vague.**

Beverly also contends that the Court erred in denying his motion to dismiss Count 3 because § 922(g) as unconstitutionally vague on its face and as applied to him.  Section 922(g)(3) of Title 18 of the United States Code provides that: "[i]t shall be unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance . . . to . . . possess in or affecting commerce, any firearm or ammunition."  "To sustain a conviction under § 922(g)(3), the [G]overnment must prove that the defendant's drug use was sufficiently consistent, prolonged, and

USA V. BEVERLY                                              2:21CR36

### MEMORANDUM OPINION AND ORDER DENYING POST-TRIAL MOTIONS

close in time to his gun possession to put him on notice that he qualified as an unlawful user under the terms of the statute." United States v. Hasson, 26 F.4th 610, 615 (4th Cir. 2022) (citation omitted).

The vagueness doctrine requires that a criminal statute "'provide a person of ordinary intelligence fair notice of what is prohibited' and not be 'so standardless that it authorizes or encourages seriously discriminatory enforcement.'" Id. at 619 (quoting United States v. Williams, 553 U.S. 285, 304 (2008). Generally, however, a defendant whose conduct is clearly prohibited by a statute cannot be the one to make a facial vagueness challenge. Id. at 620-21. "In other words, when a criminal defendant brings a facial challenge, he must show that the statute is vague as applied to his conduct." United States v. Wagoner, 2022 WL 1153472, at *4 (W.D. Va. Apr. 19, 2022).

The Court did not err in denying Beverly's motion to dismiss. First, there was sufficient evidence for the jury to find Beverly guilty of violating § 922(g)(3). An ordinary person would understand that Beverly's persistent use of methamphetamine around the dates in the Indictment and his use within hours of possessing firearms established him as an unlawful user in violation of § 922(g)(3). Thus, the statute is not unconstitutionally vague as applied to him.

USA V. BEVERLY                                                    2:21CR36

MEMORANDUM OPINION AND ORDER DENYING POST-TRIAL MOTIONS

Second, the Court's finding on Beverly's as applied challenge
precludes his facial challenge to § 922(g)(3).  Because Beverly's
conduct fell squarely within the confines of the statute, he cannot
assert that the statute is facially vague.  Holder v. Humanitarian
L. Project, 561 U.S. 1, 18-19 (2010) ("A plaintiff who engages in
some conduct that is clearly proscribed cannot complain of the
vagueness of the law as applied to the conduct of others.") ; see
also Hasson, 26 F.4th at 619.

**3.    The Court did not err in denying Beverly's motion for
        mistrial.**

Next, according to Beverly, when the Court granted his motion
to dismiss Count 2 of the Indictment at the close of the
Government's case-in-chief, it also should have granted his motion
for mistrial.  He believes that the Court erred because the
Government's opening statement referenced Count 2 as well as
evidence that was highly prejudicial and irrelevant to Count 3.
Specifically, he notes that the Government told the jury that it
would hear the testimony of a confidential informant but then
failed to call that witness in its case-in-chief, resulting in
dismissal of Count 2.

"[T]rial judges may declare a mistrial 'whenever, in their
opinion, taking all the circumstances into consideration, there is
a manifest necessity' for doing so.  The decision to declare a
mistrial is left to the 'sound discretion' of the judge, but "the

USA V. BEVERLY                                                    2:21CR36

MEMORANDUM OPINION AND ORDER DENYING POST-TRIAL MOTIONS

power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes." Renico v. Lett, 559 U.S. 766, 773-74 (2010) (quoting United States v. Perez, 9 Wheat. 579, 580 (1824)).

The Government's opening statement did not prejudice Beverly as it did not overly emphasize the importance of the confidential informant's testimony and the Court instructed the jury that statements of counsel are not evidence. Further, the confidential informant's absence harmed the Government and allowed Beverly's counsel to emphasize his absence during her closing argument. Finally, despite Beverly's contention, the Government's admitted evidence related to both Counts 2 and 3 and was not unduly prejudicial. Thus, the Court did not err in denying Beverly's motion for mistrial.

**4.   The Court did not err in denying Beverly's motion to exclude his Facebook posts.**

Beverly contends that the Court erred in denying his motion to exclude his Facebook posts from August 2018. The parties reassert their prior arguments on this issue. The Court did not err in denying this motion. As explained in its Order denying Beverly's motion in limine [ECF No. 202], the Facebook posts included statements relevant to Count 3 and this evidence sdid not confuse the jury.

USA V. BEVERLY                                                    2:21CR36

MEMORANDUM OPINION AND ORDER DENYING POST-TRIAL MOTIONS

5.  **The Court did not err in denying Beverly's motion to exclude the Government's witness.**

Next, Beverly contends that the Court erred in denying his motion to exclude a government witness.  Beverly does not specify which of the Government's witnesses he believes the Court should have excluded.  Presumably, he is referring to his motion to exclude Ashley Simmons and Alice Wilkinson.  The Court did not err in denying this motion.

The Court initially granted Beverly's motion to exclude these witnesses but reversed its ruling upon receiving the Government's response.  Because the Government removed Wilkinson from its witness list and the Court's ruling related only to Simmons's proposed testimony, it permitted her to testify because the Government's initial disclosures included information related to her testimony and it supplemented its disclosures during trial preparations.  Although the Government removed but then readded Simmons to its witness list several days before trial, Beverly was not prejudiced because the Government had disclosed her on its prior witness list submitted months earlier.  Simmons testified that, throughout 2018 and 2019, she used methamphetamine with Beverly several times a week.  Beverly's counsel had adequate opportunity to cross-examine this witness and argue to the jury that her testimony was unreliable and too remote from the crimes alleged.

USA V. BEVERLY                                                    2:21CR36

MEMORANDUM OPINION AND ORDER DENYING POST-TRIAL MOTIONS

6.   **The Court did not deprive Beverly of his right to confront and cross-examine the Government's witness.**

According to Beverly, the Court denied him the right to confront and cross-examine his co-defendant by limiting his counsel's questioning regarding his understanding of the benefits he would receive from testifying for the Government at trial.

"[T]he right of cross-examination is 'one of the safeguards essential to a fair trial.'" Pointer v. Texas, 380 U.S. 400, 404 (1965).   "Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test, without which the jury cannot fairly appraise them." Smith v. State of Illinois, 390 U.S. 129, 132 (1968).   "The extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court." Id. at 132.

"It is elementary that trial judges possess wide latitude to impose reasonable limits on cross-examination, based on concerns including harassment, prejudice, confusion of the issues, repetition, or marginal relevance.   However, prohibiting a criminal defendant from cross-examining a witness on relevant evidence of bias and motive may violate the Confrontation Clause, if the jury is precluded from hearing evidence from which it could appropriately draw adverse inferences on the witness's

USA V. BEVERLY                                                    2:21CR36

### MEMORANDUM OPINION AND ORDER DENYING POST-TRIAL MOTIONS

credibility." <u>United States v. Turner</u>, 198 F.3d 425, 429 (4th Cir. 1999) (collecting cases).

At trial, the co-defendant testified on direct examination that he was represented by counsel who was present in the courtroom. He confirmed that he had entered a plea agreement and was providing testimony against Beverly pursuant to that plea agreement. He also stated that he did not expect to receive any benefit for testifying; instead, he hoped to get leniency at sentencing because he had abandoned his criminal lifestyle.

On cross-examination, Beverly's counsel attempted to ask the co-defendant questions about his conversations with his attorney regarding the plea agreement. The Court did not permit this line of inquiry based on the witness's attorney client privilege. Counsel argued that the co-defendant had waived the privilege when he admitted to signing a plea agreement with the advice of counsel. The Court overruled the objection and permitted Beverly's counsel to inquire about the co-defendant's understanding of the plea agreement, but not his conversations with counsel. With this limitation, Beverly established that his co-defendant expected to receive a reduction for acceptance of responsibility but that he did not expect to receive a reduction for substantial assistance and had no knowledge of guideline 5K1.1.

USA V. BEVERLY                                                    2:21CR36

## MEMORANDUM OPINION AND ORDER DENYING POST-TRIAL MOTIONS

The Court did not err in limiting counsel's cross examination. The co-defendant did not waive attorney-client privilege on direct examination by merely admitting that he was represented by counsel and that he entered a plea agreement after consulting his attorney. The witness did not comment on his discussions with his attorney in deciding to plead guilty and so did not open the door to this type of questioning on cross examination.

Further, the Court's limitation of Beverly's questioning did not deprive him of the right to confront witnesses or to a fair trial.  The co-defendant's discussions with counsel about whether to enter a plea agreement are undoubtedly protected by the attorney client privilege.  Beverly's counsel wished to probe into these conversations to show the jury the witness's motivation in testifying was to receive a reduction of sentence.  She was able to demonstrate his motivation on cross-examination without invading the privilege, however.  She thoroughly examined the witness about his understanding of the plea agreement, the benefits his expected to receive for his testimony, the extent of his cooperation with the Government, and the maximum penalty he believed he faced.  Thus, Beverly was not denied the right to confront or cross-examine the witness.

USA V. BEVERLY                                                          2:21CR36

MEMORANDUM OPINION AND ORDER DENYING POST-TRIAL MOTIONS

7.    **The Court did not err in denying Beverly's request for a missing witness instruction.**

Beverly contends that the Court should have included his proposed missing witness instruction in its jury charge.  In its opening statement, the Government informed the jury that it would hear the testimony of a confidential informant and it previewed the anticipated testimony.  It ultimately decided not to call the confidential informant as a witness and, as a result, agreed that the Court should dismiss Count 2 of the Indictment which charged Beverly with unlawfully distributing a firearm to a known felon.

Based on this development, the Court included the following instruction related to missing evidence in its jury charge: "If you find that the Government could have produced evidence and that this evidence would have been material in deciding facts in dispute in this case, then you are permitted, but not required, to infer that this evidence would have been favorable to the defendant." Both parties objected to this instruction.  Beverly argued that the charge needed to include a specific missing witness instruction because the Government did not call the confidential informant in its case-in-chief.  The Court overruled the objection.  Beverly now asserts that the Court erred in overruling his request for a missing witness instruction and failing to instruct the jury they could infer that the confidential informant's testimony would have been favorable to Beverly.

USA V. BEVERLY                                              2:21CR36

**MEMORANDUM OPINION AND ORDER DENYING POST-TRIAL MOTIONS**

A district court commits reversible error in refusing to provide a proffered jury instruction only when the instruction "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Lewis, 53 F.3d 29, 32 (4th Cir.1995) (internal quotation marks omitted); United States v. Passaro, 577 F.3d 207, 221 (4th Cir. 2009).

The rationale for a missing witness instruction is that "if a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable." United States v. Graves, 545 F. App'x 230, 241 (4th Cir. 2013) (quoting Graves v. United States, 150 U.S. 118 (1893)). To qualify for such an instruction, the proponent must demonstrate the party failing to call the witness has it peculiarly within its power to produce the witness, and the witness's testimony elucidates issues important to the trial and is not irrelevant or cumulative.  Id. at 241.

The Court did not err in refusing Beverly's proffered missing witness instruction.  Beverly was not entitled to such instruction because the confidential informant was not under the control of

14

USA V. BEVERLY                                                    2:21CR36

MEMORANDUM OPINION AND ORDER DENYING POST-TRIAL MOTIONS

the Government and was equally available to both parties.  Beverly
could have subpoenaed the confidential informant and called him as
a witness at trial.  He chose not to do so.  Further, the absence
of the confidential informant was substantially addressed by the
Court in its jury charge through the more general missing witness
instruction which would have allowed the jury to draw an inference
in Beverly's favor.

**8.   There are no grounds for reconsideration of the jury's
       verdict.**

     Beverly's counsel also incorporates by reference one of his
pro se motions [ECF No. 235].  Beverly argues that the Court should
reconsider the jury's verdict because his due process rights were
violated when his counsel and the Government's attorney failed to
abide by the Court's scheduling order, resulting in a continuation
of his trial.  The continuation of trial provides no basis for
reconsideration of the jury's verdict.  Shortly before trial, the
Court adjusted its schedule so that Beverly's counsel could file
a motion to suppress, the parties could develop the record on the
motion, and the Court could properly consider the motion.  Notably,
this motion was ultimately resolved in Beverly's favor.  Proceeding
to trial as scheduled would have deprived Beverly of the
opportunity to suppress relevant evidence and fully develop the
record.

USA V. BEVERLY                                                    2:21CR36

## MEMORANDUM OPINION AND ORDER DENYING POST-TRIAL MOTIONS

9.  **There were no errors that cumulated and denied Beverly a fair trial.**

Beverly argues that the cumulative effect of the Court's errors contributed to his convictions on a count for which there was insufficient evidence and denied him a fair trial. In the Court's view, Defendant has not shown that the Court made any errors. Therefore, there was no cumulative impact of errors.

10. **The Court did not err when it denied Beverly's motion for judgment of acquittal.**

Defendant argues that the Court erred when it denied his Rule 29 motion for judgment of acquittal at the close of the Government's case-in-chief. To the contrary, it is clear that the Government presented sufficient evidence to sustain the jury's conviction. The Court incorporates its previous findings on the issue and finds that its ruling was not in error.

11. **The Court declines to address Beverly's pro se motions while he is represented by counsel.**

Beverly filed several pro se post-trial motions which raise a variety of issues. For example, Beverly sought reconsideration of the jury's verdict based on the testimony and evidence presented at trial [ECF Nos. 235, 236, 249], dismissal of Count 3 [ECF No. 264], and release from incarceration pending sentencing [ECF No. 247]. At the Court's direction, Beverly's counsel reviewed his pro se filings and incorporated his meritorious arguments into her post-trial briefing. There is no constitutional requirement for

16

USA V. BEVERLY                                                2:21CR36

**MEMORANDUM OPINION AND ORDER DENYING POST-TRIAL MOTIONS**

the Court to permit "hybrid" representation, allowing both Beverly and his attorney to make arguments before the Court. <u>See</u> <u>McKaskle v. Wiggins</u>, 465 U.S. 168 (1984). Accordingly, the Court is under no obligation to consider Beverly's <u>pro</u> <u>se</u> motions while he is represented by counsel. <u>See</u> <u>United States v. Hammond</u>, 821 F. App'x 203, 207 (4th Cir. 2020). Given counsel's efforts to incorporate and preserve his arguments, it declines to consider any of Beverly's motions not adopted by his counsel.

## IV.   CONCLUSION

For the reasons discussed herein, Beverly's post-trial motions are **DENIED** [ECF Nos. 235, 236, 241, 242, 245, 247, 248, 249, 253, 254, 255, 264].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies.


DATED: July 11, 2023

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA